SUMMARY ORDER

Petitioner Arben Drejaj, a native and citizen of Albania, seeks review of the June 4, 2008 order of the BIA reversing the October 13, 2006 decision of Immigration Judge (“IJ”) Terry A. Bain, granting his application for asylum. In re Arben Drejaj, No. A98 221 429 (B.I.A. June 4, 2008), rev’g No. A98 221 429 (Immig. Ct. N.Y. City Oct. 13, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA vacates the decision of the IJ, this Court reviews only the decision of the BIA. Alibasic v. Mukasey, 547 F.3d 78, 84 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Dong Gao v. BIA, 482 F.3d 122, 126 (2d Cir.2007).
We find that substantial evidence supported the BIA’s finding that there has been a fundamental change in circumstances in Albania rebutting Drejaj’s fear of persecution on account of his political opinion. See 8 C.F.R. § 1208.13(b)(l)(i)(A). We have observed that the results of Albania’s 2005 elections suggest that a fundamental change has occurred with respect to the risk of harm faced by Democratic Party supporters there. See, e.g., Qyteza v. Gonzales, 437 F.3d 224, 228 n. 2 (2d Cir.2006). Based on record evidence, it is apparent that the Democratic Party controls a majority of seats in the Albanian parliament, which is led by a Prime Minister who is also the leader of the Democratic Party. In addition, Drejaj testified that the mayor of his local “commune” in Albania is a Democratic Party member. Furthermore, we are unpersuaded by his argument that allegations of general human rights problems found in a State Department report in the record compel a finding opposite of the BIA’s when that report did not reference any instances of harm against Democratic Party members. In light of the foregoing, we find that there were adequate reasons supporting the BIA’s conclusion that “the record as a whole supported] reversal” of the IJ’s decision to grant Drejaj asylum. Alibasic, 547 F.3d at 84; see also Hoxhallari v. Gonzales, 468 F.3d 179, 187 (2d Cir.2006) (per curiam) (holding that the agency need not enter specific findings supporting a denial based on changed country conditions where “changed conditions evidently prevail in a country that is the subject of an appreciable proportion of asylum claims” such as Albania).
*104 In addition, we find that the BIA did not abuse its discretion in denying Drejaj’s claim for humanitarian asylum. See 8 G.F.R. § 1208.13(b)(l)(iii) (providing that an applicant “may be granted asylum, in the exercise of the decision-maker’s discretion” even “in the absence of a well-founded fear of persecution”); 8 U.S.C. § 1252(b)(4)(D) (providing that we may overturn a discretionary denial of asylum only if it is “manifestly contrary to the law and an abuse of discretion”); Wu Zheng Huang v. INS, 436 F.3d 89, 96 (2d Cir.2006). Humanitarian asylum has been reserved for applicants who have suffered “atrocious forms of persecution.” Matter of Chen, 20 I. & N. Dec. 16, 19 (BIA 1989). “The [BIA] has required that in order for an alien to obtain humanitarian asylum, he or she must establish both ‘the severe harm and the long-lasting effects of that harm.’ ” Jalloh v. Gonzales, 498 F.3d 148, 151 (2d Cir.2007) (per curiam) (quoting In re N-M-A-, 22 I. & N. Dec. 312, 326 (BIA 1998)). Particularly where Drejaj specifically testified that he did not suffer any lasting injuries, we cannot conclude that the BIA’s reversal of the IJ’s findings amounted to an abuse of discretion. See id. at 149.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.