10-3088-ag
Drejaj v. Holder

BIA
A098 212 429

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of May, two thousand eleven.

PRESENT:
          ROBERT A. KATZMANN,
          RICHARD C. WESLEY,
          DENNY CHIN,
               *Circuit Judges.*

_____

ARBEN DREJAJ,
          *Petitioner*,

          v.                              10-3088-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent.*

_____

FOR PETITIONER:         Thomas V. Massucci, New York, New
                        York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Jennifer Paisner Williams,
                        Senior Litigation Counsel; Tiffany
                        L. Walters, Trial Attorney, Office
                        of Immigration Litigation, Civil
                        Division, United States Department
                        of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Arben Drejaj, a native and citizen of Albania, seeks review of a July 16, 2010, order of the BIA denying his motion to reopen his removal proceedings. *In re Arben Drejaj*, No. A098 221 429 (B.I.A. July 16, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien who has been ordered removed may file one motion to reopen, but must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7). Here, the BIA did not abuse its discretion by denying Drejaj's motion to reopen as untimely, as his motion was filed in January 2010, more than one year after the entry of his June 2008 final order of removal. *See id.;* 8 C.F.R. § 1003.2(c)(2).[1]

---

[1] We denied Drejaj's petition for review of the BIA's June 2008 decision. *Drejaj v. Holder*, 336 Fed. Appx. 102 (2d Cir. 2009).

Although the time limitation may be excepted upon a showing of changed country conditions, the BIA's determination that Drejaj failed to make such a showing is supported by substantial evidence.  8 U.S.C. § 1229a(c)(7). As an initial matter, the BIA properly examined whether country conditions had changed between the time of Drejaj's merits hearing and the submission of his motion to reopen. *See Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) (holding that "[i]n determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, we compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below").  Further, the BIA's initial decision is not inconsistent with its denial of reopening.  The BIA reversed the IJ's grant of asylum because conditions in Albania had improved since Drejaj arrived in the United States in 2004, whereas the BIA in its July 2010 decision found that the conditions in Albania had not materially worsened since the 2006 merits hearing.

Moreover, the BIA reasonably concluded that Drejaj failed to establish changed conditions in Albania. The evidence Drejaj submitted in support of his motion indicated continuing sectarian conflict in Albania. However, Drejaj failed to point to evidence in the record establishing a *material* change, as the background documentation submitted in support of his original application provided similar information regarding sectarian violence in Albania. *See Matter of S-Y-G-*, 24 I. & N. Dec. at 253. Therefore, substantial evidence supports the BIA's determination that Drejaj failed to establish changed country conditions. *See* 8 U.S.C. § 1229a(c)(7), 8 C.F.R. §§ 1003.2(c)(2), (c)(3)(ii); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (holding that when the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, this Court reviews the BIA's factual findings under the substantial evidence standard).

Further, the BIA did not abuse its discretion in appraising the evidence Drejaj submitted. As Drejaj fails to offer any reasons explaining why the BIA erred, we defer to the agency's evaluation of the documentary evidence. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to the

4

applicant's evidence in immigration proceedings lies largely within the discretion of the agency).  Also contrary to Drejaj's position, a reasonable fact-finder would not be compelled to conclude that the BIA ignored any material evidence.  *See Jian Hui Shao*, 546 F.3d at 169 (this Court has rejected the notion that the BIA must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner").  Rather, the BIA considered the evidence in some detail, explicitly citing to the record and finding that the evidence was similar to that submitted in his earlier proceedings.

Because the BIA reasonably concluded that Drejaj failed to demonstrate a change in country conditions, the BIA did not abuse its discretion in denying Drejaj's motion to reopen as untimely.  8 C.F.R. §§ 10003.2(c)(2), (c)(3)(ii).  Accordingly, we do not reach Drejaj's argument that he is *prima facie* eligible for relief.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for

5

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk